**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID ARTURO HERNANDEZ ARECHIGA,)<br>Petitioner,<br>v.<br>MARK BOWEN, et al.,<br>Respondents. | NO. EDCV 26-1516-AS<br><br>**MEMORANDUM DECISION AND ORDER** |

**I.**

**INTRODUCTION**

On March 30, 2026, David Arturo Hernandez Arechiga ("Petitioner"), an immigration detainee proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") with the Declarations of David Arturo Hernandez ("Hernandez Decl.") and Petitioner's counsel, Gurpreet Kaur ("Kaur Decl."), against: Mark Bowen, Acting Warden of the Adelanto Detention Center; Todd Lyons, Acting Director of the United States Immigration and Customs Enforcement ("ICE"); Markwayne Mullin, Secretary of the United States Department of Homeland Security ("DHS"); and Pamela Bondi, former

United States Attorney General (collectively "Respondents").  (Docket ("Dkt.") No. 1).  The Petition raises five grounds for federal habeas relief: (1) Petitioner has been improperly detained in violation of due process of law; (2) Petitioner was denied due process of law when he was detained without advance notice his release would be revoked, an opportunity to contest the legal basis for his detention, an individualized custody determination, or a pre-deprivation hearing before a neutral decisionmaker; (3) The unlawful denial of a bond hearing violated 8 U.S.C. § 1226(a); (4) The unlawful denial of a bond hearing violated the Administrative Procedures Act; and (5) Petitioner is being detained without an individualized bond hearing in violation of the relief ordered in Bautista.[1]  (Petition ¶¶ 85-132).  Petitioner seeks relief including an order that Respondents immediately release him from custody.  (Petition at 19-20).

---

[1] In Bautista v. Santacruz, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), the district court granted a "Motion for Class Certification as to the Bond Eligible Class" of petitioners, and defined the "Bond Eligible Class" as:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the [DHS] makes an initial custody determination.

Bautista, 813 F. Supp. 3d at 1127.  The Bautista court entered final judgment as to the Bond Eligible Class on December 18, 2025.  Bautista v. Noem, 2025 WL 3678485, *1 (C.D. Cal. 2025).  "Ultimately, the final judgment entered in [Bautista] declared that class members 'are not subject to mandatory detention under [8 U.S.C.] § 1225(b)(2)' and instead are 'entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge' pursuant to 8 U.S.C. § 1226(a)." Uriate v. Mullin, 2026 WL 925724, *2 (C.D. Cal. 2026) (citing Bautista, 2025 WL 3678485 at *1).

Petitioner also filed a Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI") on March 30, 2026. (Dkt. No. 4).

On April 2, 2026, Senior United States District Judge Valerie Baker Fairbank partially granted Petitioner's Motion for a TRO, ordering Respondents to "either immediately release petitioner or hold an individualized detention hearing before a neutral arbiter no later than Friday, April 10, 2026" ("TRO Order"). (Dkt. No. 10 (emphasis omitted)). The TRO Order also required Respondents to give Petitioner ""sufficient advance notice" of the detention hearing, provide Petitioner "a meaningful opportunity to present evidence and argument," and stated "the government alone will have the burden of proving by clear and convincing evidence that petitioner is a flight risk or a danger to the public such that his continued civil detention is necessary." (Id.).

On April 8, 2026, Immigration Judge ("IJ") Ravit Halperin held a bond hearing and denied bond for Petitioner, stating only that Petitioner's "request for a change in custody status" is denied due to "[f]light risk." (Dkt. No. 11, Exh. A; Dkt. No. 12, Exh. A).

On April 15, 2026, Judge Baker denied Petitioner's PI request. (Dkt. No. 14). That same day, Petitioner filed a Motion to Enforce Habeas Order and for Immediate Release ("Motion to Enforce") with the Declaration of Gurpreet Kaur ("Kaur Decl. II"). (Dkt. No. 15). The Motion to Enforce asserts Petitioner's bond hearing did not comply with the Court's TRO Order. (Id.).

On April 16, 2026, the Court issued an expedited briefing schedule on Petitioner's Petition and Motion to Enforce, which required, among other things, that Respondents file a Response to the Petition and Motion to Enforce and lodge with the Court all records bearing on Respondents' contentions, "including, if available, any transcript of the disputed bond hearing." (Dkt. No. 16).

On April 23, 2026, Respondents filed a Response to Petitioner's Motion to Enforce and a separate Answer to the Petition, both stating "Respondents are not presenting any opposition argument." (Dkt. Nos. 18-19). Additionally, the Answer provided that "Even though the Notice of General Order 26-05 was not issued in this case, should the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions referenced by the General Order, no more filings or proceedings will be necessary in this matter." (Dkt. No. 19).

On April 24, 2026, Petitioner filed a Reply to the Motion to Enforce and a Reply to the Petition. (Dkt. Nos. 21-22).

The parties have consented to proceed before the undersigned Magistrate Judge in this matter. (Dkt. Nos. 17, 20, 23).

## II.

### BACKGROUND

Petitioner, who was born in Mexico on July 10, 1985, entered the United States without inspection in 1991, when he was approximately six

years old.  (Petition, ¶¶ 2, 21-22; Hernandez Decl., ¶¶ 1-2).  Since that time, Petitioner has lived continuously in the United States, establishing deep family and community ties.  (Petition, ¶¶ 2, 23; Hernandez Decl., ¶¶ 2-3, 7).  Petitioner, who is gainfully employed as a baker, has three United States citizen children who rely on him for emotional and financial support.  (Petition, ¶¶ 2, 24-25; Hernandez Decl., ¶¶ 4, 6).  Petitioner has a limited criminal history consisting of a 2015 battery charge for which he completed all court-ordered requirements, including probation and payment of fines.  (Petition, ¶ 26; Hernandez Decl., ¶ 16).

On or about February 28, 2026, Petitioner was a passenger in a vehicle that was stopped because the driver was suspected of driving under the influence of alcohol.  (Petition, ¶¶ 3, 27; Hernandez Decl., ¶ 8).  He was detained for approximately four hours before being released without charges.  (Petition, ¶¶ 3, 28-29; Hernandez Decl., ¶ 9).  After his release, Petitioner was waiting at a bus stop when ICE agents approached him and arrested him even though they lacked a warrant, consent, or any individualized probable cause.  (Petition, ¶¶ 4, 30-36; Hernandez Decl., ¶¶ 10-15).

On March 4, 2026, DHS served Petitioner with a Notice to Appear, charging him with removability under Immigration and Naturalization Act § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled, and placed Petitioner in removal proceedings.  (Petition, ¶¶ 5, 38-39).

On March 24, 2026, IJ Halperin denied Petitioner bond, concluding the Immigration Court "lacks jurisdiction over the request for custody determination" based on the IJ's "independent assessment of law, regulations, statutes, and caselaw[.]" (Petition, ¶¶ 7, 41-42 & Kaur Decl., ¶ 10, Exh. I).

As noted above, on April 8, 2026, following the TRO Order, IJ Halperin held a bond hearing for Petitioner, found Petitioner was a "[f]light risk" and denied Petitioner's request for release on bond. (Dkt. No. 11, Exh. A; Dkt. No. 12, Exh. A). The IJ reached this conclusion even though it is undisputed that Respondents presented no evidence supporting the conclusion that Petitioner is a flight risk (see Motion to Enforce at 4), and Petitioner presented extensive evidence supporting his request to be released on bond. (See Kaur Decl. II, ¶ 3, Exh. B). As a result, Petitioner remains detained at the Adelanto Detention Facility in Adelanto, California. (Petition, ¶¶ 16, 47).

## III.

## DISCUSSION

On April 8, 2026, IJ Halperin determined Petitioner was a "[f]light risk" and denied him bond. (Dkt. No. 11, Exh. A; Dkt. No. 12, Exh. A). Petitioner contends the IJ's decision failed to comply with the TRO Order, which required the government to bear the burden of proving by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Motion to Enforce at 3-5). As a result, Petitioner asserts he is entitled to be immediately released from

custody.   (Motion to Enforce at 7-8; see also Petition at 19). Respondents do not dispute Petitioner's contentions or challenge his requested relief.   (Dkt. Nos. 18-19).

"The determination of whether a noncitizen is 'dangerous' or a flight risk for immigration-detention purposes involves a mixed question of law and fact that is reviewable in habeas proceedings" under an abuse of discretion standard. Vasquez Lopez v. Hernandez, __ F. Supp. 3d __, 2026 WL 984151, *2 (W.D. Wash. 2026); Martinez v. Clark, 124 F.4th 775, 779-80, 784 (9th Cir. 2024); Mendoza v. Noem, 2026 WL 923311, *2 (C.D. Cal. 2026).   "Under an abuse of discretion standard, the court cannot reweigh evidence; the Court can determine only whether the correct legal standard was applied." Padilla Paz v. Hernandez, __ F. Supp. 3d __, 2026 WL 1413096, *5 (W.D. Wash. 2026); Martinez, 124 F.4th at 785; Hernandez v. Warden of Adelanto ICE Processing Ctr., 2026 WL 1362396, *4 (C.D. Cal. 2026).

When assessing "whether an alien is a danger to the community or a risk of flight," an IJ may consider the following factors:

(1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of

the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States."

Martinez, 124 F.4th at 783 (citation omitted); Padilla Paz, __ F. Supp. at 3d __, 2026 WL 1413096 at *5.

Here, based on the record before it, the Court concludes that the bond hearing Petitioner received did not comply with the requirements of the TRO Order, and the IJ abused his discretion and denied Petitioner due process of law in denying Petitioner bond. Initially, the IJ's decision is entirely conclusory and provides absolutely no explanation as to why the IJ determined Petitioner is a flight risk. (Dkt. No. 11, Exh. A; Dkt. No. 12, Exh. A); see Ko v. Mullin, 2026 WL 1454208, *5 (C.D. Cal. 2026) ("The Court finds that the immigration judge's flight-risk finding and bond denial constitute [an] abuse of discretion. 'Central to this conclusion are the absence of a reasoned explanation supporting the IJ's decisions [or] of any record demonstrating the IJ meaningfully engaged with the governing legal standard or evidence presented[.]'" (citation omitted)); Miri v. Bondi, 2026 WL 622302, *9 (C.D. Cal. 2026) ("[T]he Immigration Judge did not explain the reasons for denying Miri's bond. The Immigration Judge did not describe which . . . factors were considered, if any, or what evidence was relied on. As such, the Immigration Judge did not explain the reasons for denying Miri's bond and the record does not establish that the Immigration Judge relied on the appropriate factors."); Lopez Santana v. Marin, 2026 WL 1179732, *2 (E.D. Cal. 2026) ("The IJ's

failure to provide any explanation for the bond denial, including addressing the evidence submitted and the factors that the IJ considered, was an abuse of discretion."). Moreover, it is undisputed that Respondents failed to present any evidence that Petitioner posed a flight risk while Petitioner submitted extensive evidence demonstrating his deep and long-standing ties to the United States. (Motion to Enforce at 4-5; see also Kaur Decl. II, ¶ 3, Exh. B). For instance, Petitioner presented evidence that he came to the United States as a child, has been continually present in the United States since 1991, has a stable employment history, and has strong family ties to the United States, including children who are United States citizens. (Motion to Enforce at 4; Kaur Decl. II, ¶ 3, Exh. B). Under these circumstances, the "Court finds the immigration judge abused his discretion in denying bond and, as a result, Petitioner's bond hearing was constitutionally deficient." Soriano v. Hernandez, __ F. Supp. 3d __, 2026 WL 969764, *1 (W.D. Wash. 2026); see also Ko, 2026 WL 1454208 at *6 ("[T]here is no indication in the record before this Court that the IJ made the flight-risk decision based on the totality of the circumstances or considered any mitigating factors, such as Petitioner's residence in the United States for 20 years, employment as a pastor, relationships with his United States citizen wife and daughter, extensive medical history, and record of no failures to appear. Thus, the Court finds that the IJ's flight-risk finding and bond denial constitute abuse of discretion." (citations omitted)); Valdez-Reyes v. Scott, 2026 WL 1361635, *3 (W.D. Wash. 2026) ("The IJ did not explain their ruling, and there was no evidence in the record to indicate Petitioner was a flight risk (and, in fact, Petitioner presented evidence that he was not a flight risk); thus, the IJ abused

their discretion."); <u>Gimenez v. Hernandez</u>, 2026 WL 1156075, *6 (W.D. Wash. 2026) ("Given the significant liberty interest at stake for noncitizens in immigration detention and the weak or nonexistent governmental interest in continued detention without adequate process, courts in this and other districts have found due process violations where IJs abuse discretion in bond determinations.").

"Federal courts have a fair amount of flexibility in fashioning specific habeas relief." <u>Burnett v. Lampert</u>, 432 F.3d 996, 999 (9th Cir. 2005); <u>Soriano</u>, __ F. Supp. 3d at __, 2026 WL 969764 at *6. "Upon determining that an IJ provided a petitioner with a legally or constitutionally inadequate bond hearing, district courts have either ordered petitioner's immediate release or ordered that Respondents provide petitioner with a new constitutionally adequate bond hearing[.]" <u>Perez Velasquez v. Bondi</u>, 2026 WL 1042479, *7 (S.D. Cal. 2026) (citations omitted); <u>Nola v. Dep't of Homeland Sec.</u>, 2026 WL 1330294, *10 (C.D. Cal. 2026). In this case, "because [Petitioner's] bond hearing was legally and constitutionally inadequate, and the Court finds no adequate basis for [Petitioner's] continued detention, the Court concludes that the 'typical remedy' of release is appropriate." <u>Minango v. Bondi</u>, 2026 WL 1257028, *5 (D. Nev. 2026); <u>Soriano</u>, __ F. Supp. 3d at __, 2026 WL 969764 at *6; <u>Nola</u>, 2026 WL 1330294 at *10; <u>Melchor-Melchor v. Noem</u>, 2026 WL 760058, *3 (C.D. Cal. 2026); <u>Miri</u>, 2026 WL 622302 at *12; <u>see also</u> <u>Munaf v. Green</u>, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation omitted)).

**IV.**

**ORDER**

Accordingly, in light of Respondents' non-opposition, and for the reasons discussed herein, the Motion to Enforce (Dkt. No. 15) and the Petition (Dkt. No. 1), to the extent it seeks Petitioner's release from custody, are **GRANTED**.  Respondents shall immediately release Petitioner from immigration custody without the imposition of any restraints on his liberty, such as reporting requirements, GPS, or electronic monitoring.  The Court further ORDERS that Respondents shall file a declaration by no later than 5:00 p.m. on May 28, 2026, confirming Petitioner has been released from custody.  IT IS SO ORDERED.

DATED: May 26, 2026

_____
/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE